The relationship between APAC and McCandless appears to be substantially identical to that between the hauler and contractor in W.J. Runyon Son, Inc. v. Davis, 605 So.2d 38 (Miss. 1992), where we affirmed a directed verdict against the contractor on the issue of respondeat superior. Some of the aspects of the relationship between the parties which supported our conclusion in Runyon are not clearly reflected in this record which was made before our decision in Runyon. See, 605 So.2d at 47. For that reason and because the majority appears to announce and apply a new test without adequate factual development I would reverse and remand this matter to the circuit court.
The majority astutely recognizes that the problem of categorizing an employment relationship generally arises where the contractor/agent is performing duties normally performed by employees. Majority opinion ante, p. 150. Thereafter it proposes a new test which would cut across the label placed on the relationship and dictate that the relationship is not a defense where a third party is adversely affected. Beginning on page 20, however, the majority goes back to the label analysis. After finding that the relationship fits the label "independent contractor" it observes that Richardson never claimed that McCandless was financially unable to respond. Because this is a new test, it would seem appropriate to remand the case for further proceedings to fully develop the available evidence on that issue. The terms of the "settlement" with McCandless are not reflected in the record. Neither is the extent of the damages incurred by Richardson.
As to the appropriate label for present purposes, the Restatement tests, set out on page 15 in footnote 3, of the majority opinion, appear to favor a finding of a master-servant relationship. I refer in particular to (b), (c) and (h). As far as I know pavement hauling is not a distinct occupation or business and that kind of work is usually done by employees. It is certainly a part of the regular business of APAC. As to control, APAC loads the truck and tells it where to go and probably directs unloading. There isn't much else to be controlled. There are no materials and supplies necessary to do the job. The skill required is that of an ordinary truck driver.
There is no indication in the record as to what other businesses McCandless has hauled for or what percentage of his work is done for APAC over a given period, or the length of the relationship. It would seem to me that all of these questions should have answers before the nature of the relationship can be determined.
It is the express policy of our rules to give the benefit of all doubt to the party opposing a motion for summary judgment, Comment, Miss.R.Civ.P. 56. Even where it appears that the summary judgment test has been met, a trial court has discretion to deny a summary judgment, and should do so, where it appears that some further factual development may add clarity and greater assurance of a just disposition on the merits. Donald v. Reeves TransportCo. of Calhoun, Georgia, 538 So.2d 1191 (Miss. 1989).
In keeping with that policy I would reverse and remand this matter to the trial court for *Page 159 
further consideration of the motion for summary judgment in light of our decision in Runyon and the views expressed in these opinions. I join Justice McRae in his discussion of the liability issue but not in his discussion of the propriety of striking the affidavits. I applaud the majority opinion by Justice Hawkins for its attempt to bring order to this issue. I believe that it fails in the application to reach the right result.
SULLIVAN, J., joins this dissent.
McRAE, J., joins in part.